IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

W. FRED HORNSBY, II                                                                          PLAINTIFF

V.                                                        CASE NO.: 1:25-cv-00067-LG-BWR

GLOBAL CONNECTIONS TO EMPLOYMENT (GCE), INC.,
RUSS SCHREINER, BILL DIETZ, SR.,
AND JOHN AND JANE DOE(S) A-G                                             DEFENDANTS

**FIRST AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

1. Plaintiff, W. Fred Hornsby, II ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, Global Connections to Employment (GCE), Inc., Russ Schreiner, Bill Dietz, Sr., and John and Jane Does A-G (Defendants), for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), codified at 29 U.S.C. §§ 621-634, including but not limited to 29 U.S.C. § 623(a)(1) and the Americans with Disabilities Act 42 USC 12112.

2. Plaintiff seeks compensatory damages, punitive damages, equitable relief, and any other remedies deemed just and proper.

**PARTIES**

3. Plaintiff W. Fred Hornsby, II is an adult resident of Biloxi, Mississippi.

4. Defendant GCE Company is a corporation organized under the laws of the State of Florida, conducting business in the Southern District of Mississippi whose corporate office is located at 1221 West Lakeview Avenue, Pensacola, FL 32501. Defendant employs more than 20 individuals and is subject to the provisions of the ADEA. Defendants Russ Schreiner and Bill Dietz, Sr. are employees of GCE.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the ADEA, 29 U.S.C. §§ 621-634.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this Complaint substantially occurred within the Southern District of Mississippi.

## FACTUAL BACKGROUND

7. Plaintiff began his employment with Defendant in September of 1996 and faithfully served the company until his termination in September of 2024.

8. Throughout his tenure, Plaintiff was an exemplary employee, consistently receiving positive performance reviews, raises, and bonuses in recognition of his contributions to the company even receiving glowing reviews as recent as 90 days prior to his termination.

9. Plaintiff is 76 years old, Born December 2, 1948.

10. On or about September 20, 2024, Defendant terminated Plaintiff's employment without warning, explanation, or justification.

11. Defendant's actions constitute unlawful age discrimination in violation of the ADEA and/or ADA, as the termination was wholly and completely motivated by Plaintiff's age or perceived disability.

12. Plaintiff suffered emotional distress, reputational harm, loss of income, and other damages as a direct result of Defendant's discriminatory conduct.

## CAUSES OF ACTION

### Count I: Age Discrimination in Employment Act (29 U.S.C. § 623(a)(1))

13. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 12 as though fully set forth herein.

14. Defendant violated 29 U.S.C. § 623(a)(1) by discharging Plaintiff because of his age.

15. Defendant's conduct was willful, entitling Plaintiff to liquidated damages under 29 U.S.C. § 626(b).

16. As a result of Defendant's unlawful actions, Plaintiff suffered damages, including lost wages, benefits, and emotional distress.

### Count II: Americans with Disabilities Act 42 USC

17. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 12 as though fully set forth herein.

18. Defendant violated Americans with Disabilities Act 42 USC 12112 by discharging Plaintiff because of his disability.

19. Defendant's conduct was willful, entitling Plaintiff to liquidated damages under Americans with Disabilities Act 42 USC 12112.

20. As a result of Defendant's unlawful actions, Plaintiff suffered damages, including lost wages, benefits, and emotional distress

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.  A declaratory judgment that Defendant's actions violated the ADEA;

B.  An award of actual damages for lost wages, benefits, and other compensatory damages;

C.  Liquidated damages as provided under 29 U.S.C. § 626(b);

D.  Punitive damages in an amount to deter Defendant and others from similar conduct;

E.  Reinstatement of Plaintiff to his previous position or, in the alternative, front pay;

F.  Pre- and post-judgment interest, attorney's fees, and costs of litigation; and

G.  Such other and further relief as the Court deems just and equitable.

**RESPECTFULLY SUBMITTED**, this the 31st day of March, 2025.

BY:  _____/s/ W. Fred Hornsby, III_____
W. FRED HORNSBY, III
*Attorney for Plaintiff*

*COUNSEL FOR PLAINTIFF*
**W. FRED HORNSBY, III (MS Bar 100712)**
**HORNSBY WATTS, PLLC**
**1025 HOWARD AVENUE**
**BILOXI, MISSISSIPPI 39530**
**TELEPHONE 228.207.2990**
**FACSIMILE 866.271.4393**