## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| W. FRED HORNSBY, II, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.:** |
| | ) | **1:25-cv-00067-LG-BWR** |
| GLOBAL CONNECTIONS TO | ) | |
| EMPLOYMENT (GCE), INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## DEFENDANT GLOBAL CONNECTIONS TO EMPLOYMENT, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

COMES NOW, **Global Connections to Employment, Inc.** ("GCE" or "Defendant"), the remaining named Defendant, and hereby responds to the allegations contained in Plaintiff's First Amended Complaint paragraph by paragraph, as follows:

1.      The allegations of Paragraph 1 are a description of the lawsuit that do not require a response from Defendant. To the extent a response is required, Defendant denies that it violated the ADEA and that Plaintiff is otherwise entitled to relief of any kind. The Court has dismissed with prejudice Plaintiff's claim under the ADA. (Doc. 13.)

2.      The allegations of Paragraph 2 are a description of the lawsuit and the type of relief Plaintiff seeks which do not require a response from Defendant. To

the extent a response is required, Defendant denies that it violated the ADEA and that Plaintiff is otherwise entitled to relief of any kind.

## PARTIES

3.   Upon information and belief, admitted.

4.   The first two sentences of Paragraph 4 are admitted. Defendants Schreiner and Dietz have been dismissed from the lawsuit with prejudice. (Doc. 13.)

## JURISDICTION AND VENUE

5.   Defendant admits that this Court has subject matter jurisdiction but denies any wrongdoing and the commission of any unlawful acts as alleged in the First Amended Complaint.

6.   Defendant admits that venue is proper but denies any wrongdoing and the commission of any unlawful acts as alleged in the First Amended Complaint.

## FACTUAL BACKGROUND

7.   Denied.

8.   Denied.

9.   Upon information and belief, admitted.

10.   Denied.

11.   Denied.

12.   Denied.

## CAUSES OF ACTION

### Count I: Age Discrimination in Employment Act (29 U.S.C. § 623(a)(1))

13.   Defendant incorporates by reference its responses set forth in Paragraphs 1 through 12 as if fully set forth herein.

14.   Denied.

15.   Denied.

16.   Denied.

### Count II:  Americans with Disabilities Act 42 USC 12112

17.   The Court has dismissed Count II with prejudice (Doc. 13); therefore, no response is required. To the extent a response could be required, Defendant denies all allegations in this Paragraph.

18.   The Court has dismissed Count II with prejudice (Doc. 13); therefore, no response is required. To the extent a response could be required, Defendant denies all allegations in this Paragraph.

19.   The Court has dismissed Count II with prejudice (Doc. 13); therefore, no response is required. To the extent a response could be required, Defendant denies all allegations in this Paragraph.

20.   The Court has dismissed Count II with prejudice (Doc. 13); therefore, no response is required. To the extent a response could be required, Defendant denies all allegations in this Paragraph.

3236185.1

## **PRAYER FOR RELIEF**

In response to Plaintiff's Prayer for Relief, Defendant respectfully requests that the relief requested in Plaintiff's Complaint subparagraphs A-G be denied. Defendant denies that Plaintiff is entitled to any lost wages, benefits, compensatory or punitive damages, liquidated damages, reinstatement, judgment, damages, attorneys' fees, expenses, back pay, front pay, and/or relief whatsoever and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Any allegations of Plaintiff's First Amended Complaint not explicitly admitted in this Answer are denied, and strict proof is demanded to support Plaintiff's allegations.

### SECOND DEFENSE

The First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The First Amended Complaint is barred, in whole or in part, because none of the damages alleged in the First Amended Complaint were caused, either legally, proximately, or directly, by any conduct or act of the Defendant. Plaintiff has

3236185.1

suffered no damages as a result of any conduct alleged or attributed to the Defendant.

## FOURTH DEFENSE

The First Amended Complaint is barred, in whole or in part, because the Defendant at all times acted in good faith, satisfied its legal duties and acted prudently and as a reasonable person would in like circumstances. To the extent the Defendant may have engaged in any of the conduct that Plaintiffs have alleged, that conduct was justified and was undertaken with proper legal cause, in good faith, and with legitimate non-discriminatory motives.

## FIFTH DEFENSE

The Plaintiff's alleged damages are barred in whole or in part by his failure to mitigate damages and by the doctrine of avoidable consequences.

## SIXTH DEFENSE

Defendant expressly denies that the Plaintiff is entitled to any relief whatsoever under the ADEA or other federal or state laws.

## SEVENTH DEFENSE

The damages and relief sought in Plaintiff's prayers for relief are, in whole or in part, not legally authorized.

3236185.1

## EIGHTH DEFENSE

Plaintiff's claims are barred because Defendants relied upon legitimate, non-discriminatory factors in making decisions regarding Plaintiff's employment that were in no way related to Plaintiff's age.

## NINTH DEFENSE

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

## TENTH DEFENSE

Any damages that Plaintiff has allegedly suffered was caused in whole or in part by his own conduct.

## ELEVENTH DEFENSE

Plaintiff's First Amended Complaint is barred, in whole or in part because the Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by the Defendant or to avoid harm otherwise.

## TWELFTH DEFENSE

Defendant pleads all statutory limitations of liability and damages applicable to the claims asserted by the Plaintiff.

3236185.1

## THIRTEENTH DEFENSE

Defendant specifically denies Plaintiff is entitled to any declaratory relief, lost wages, reinstatement, injunctive relief, attorney's fees, costs of suit, interest, or any other relief requested, under the facts and circumstances of this case.

## FOURTEENTH DEFENSE

Defendant states that, even if the Plaintiff is able to prove that a prohibited factor motivated the alleged adverse employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, the Plaintiff's claims must fail.

## FIFTEENTH DEFENSE

Defendant avers that any award of punitive damages to the Plaintiff in this case will be in violation of the constitutional safeguards provided to the Defendant under the Constitution of the State of Mississippi and the Constitution of the United States.

## SIXTEENTH DEFENSE

An award of punitive damages in this case would be contrary to the Defendant's good faith efforts to comply with the law.

## SEVENTEENTH DEFENSE

To the extent applicable, Defendant specifically pleads entitlement to a setoff or offset in this matter.

3236185.1

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent that he was an at-will employee whose employment was terminated for good and sufficient reasons.

## NINTEENTH DEFENSE

Plaintiff's claims are barred and/or diminished by his failure to exhaust internal and/or administrative remedies.

## TWENTIETH DEFENSE

The Defendant states that it maintained a policy prohibiting discrimination, and a procedure for the resolution of complaints alleging the same. Plaintiff's claims are therefore barred in whole or in part because Plaintiff unreasonably failed to invoke Defendant's well-publicized and effective anti-discrimination policies and grievance procedures, which provide a safe harbor from liability under applicable law.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

3236185.1

<u>TWENTY-SECOND DEFENSE</u>

Defendant reserves the right to amend its Answer and to raise additional defenses which may become available during the discovery process.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant demands judgment in its favor and an award of costs and attorneys' fees incurred to defend this action.

Respectfully submitted,

*/s/ Scott D. Stevens*
Scott D. Stevens (MS Bar No. 102571)
STARNES DAVIS FLORIE LLP
RSA Battle House Tower
11 N. Water Street, Suite 20290
Mobile, AL 36602
T: (251) 405-5067
sstevens@starneslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Fred Hornsby, III
Hornsby Watts, PLLC
1025 Howard Avenue
Biloxi Mississippi 39530

*s/ Scott D. Stevens*
OF COUNSEL

3236185.1